PRINCE V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-05-191-CR

DOUGLAS DWAYNE PRINCE APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM COUNTY CRIMINAL COURT NO. 4 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Douglas Dwayne Prince attempts to appeal his conviction of driving while intoxicated.  After the jury found Appellant guilty, the trial court assessed Appellant’s punishment at ninety days’ confinement.  The trial court suspended the sentence and placed Appellant on community supervision for twelve months.  We dismiss the appeal for want of jurisdiction.

Pursuant to rule 26.2 of the rules of appellate procedure, a notice of appeal must be filed within thirty days after the date sentence is imposed, or within ninety days after the date sentence is imposed if the defendant files a timely motion for new trial.  
Tex. R. App. P.
 26.2(a).  Appellant’s sentence was imposed on February 16, 2005.  He filed a motion for new trial; thus, his notice of appeal was due on May 17, 2005.  Appellant filed a notice of appeal on May 20, 2005.

On June 20, 2005, we notified Appellant’s appellate counsel of our concern that we lacked jurisdiction over the appeal because the notice of appeal was not timely filed.  We informed counsel that the appeal was subject to dismissal unless we received a response showing grounds for continuing the appeal.  
See
 
Tex. R. App. P.
 44.3.

Appellant’s counsel responded on June 30, 2005 by filing a motion to extend time to file the notice of appeal.  The motion recites that counsel inadvertently miscalculated the notice of appeal deadline for May 18 rather than May 17.

In order for this court to grant a motion for extension of time to file a notice of appeal, both the notice of appeal and the motion for extension of time must have been filed within the fifteen-day extension period of rule 26.3.  
See Olivo v. State
, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996).  Applying the rule 26.3 extension period to this case means that Appellant’s motion for extension of time was due on June 1, 2005, but it was not filed until June 30.  Because Appellant’s motion for extension of time was untimely, we deny the motion.

A timely notice of appeal is essential to vest this court with jurisdiction.  
See id.
; 
Slaton v. State
, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).  Because Appellant’s notice of appeal was untimely, we have no jurisdiction over his appeal.  
See Olivo
, 918 S.W.2d at 526.  Accordingly, we dismiss this appeal for want of jurisdiction.  
See
 
Tex. R. App. P.
 25.2(b), 43.2(f).

PER CURIAM

PANEL D: GARDNER, WALKER, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  July 28, 2005

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.